**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**ERIC FROBERG,**

        **Plaintiff,**        **CIVIL ACTION NO. 08-CV-10608-DT**

  **VS.**                         **DISTRICT JUDGE PAUL D. BORMAN**

**VILLAGE OF LENNON,**      **MAGISTRATE JUDGE MONA K. MAJZOUB**
**et al.,**
        **Defendants.**
                              /

**OPINION AND ORDER DENYING WITHOUT PREJUDICE**
**PLAINTIFF'S MOTION TO COMPEL**

This matter comes before the Court on Plaintiff's Motion to Compel Depositions which was filed on August 11, 2008. (Docket no. 24). Defendants have responded. (Docket nos. 27, 29). This matter has been referred to the undersigned for decision. (Docket no. 26). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). This matter is now ready for ruling.

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. (Docket no. 1). Plaintiff alleges that he was unlawfully seized or arrested and that Defendant Hall, a police officer, used excessive force against him. (*Id.*). Plaintiff requests that this Court set times and dates for the depositions of Plaintiff, Defendant Hall, and Defendant Village of Lennon. Specifically, Plaintiff's counsel suggests that attorneys for Defendants are attempting to obtain an unfair advantage by seeking to depose Plaintiff and then only weeks later allow Plaintiff's counsel to depose these Defendants. Counsel for Defendants deny that they are seeking to obtain an unfair advantage. They have submitted the email correspondence exchanged among counsel or their representatives as support for their contention that the scheduling problems are due simply to other obligations of the involved attorneys. (Docket no. 29).

The Court has reviewed the email correspondence exchanged among counsel for the parties. This correspondence shows that the parties are cooperating and fails to support Plaintiff's contention that defense counsel are seeking to obtain an unfair advantage through the scheduling of depositions. The scheduling problems appear to stem from the attorneys having other depositions or trials in other cases rather than an attempt to obtain an unfair advantage. The parties appear to be diligently attempting to schedule depositions, and according to Defendants at least one deposition has been completed and another is scheduled, not including Plaintiff's deposition which has been noticed but likely did not take place.

In addition to finding no attempt to take unfair advantage, the Court notes that this is a fairly new case. The Complaint was filed on February 12, 2008. The parties held off on discovery while unsuccessful attempts to settle the case were being conducted. The discovery deadline is December 15, 2008. (Docket no. 20). Therefore, sufficient time remains for counsel to cooperate and to attempt in good faith to schedule and complete these depositions on dates reasonably close to each other.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Depositions (docket no. 24) is **DENIED WITHOUT PREJUDICE.**

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: September 03, 2008            s/ Mona K. Majzoub
                                     MONA K. MAJZOUB
                                     UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

      I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: September 03, 2008                      s/ Lisa C. Bartlett
                                                         Courtroom Deputy